**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| | * | |
| LISA M. AULD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: ELH-11-0969 |
| MARIA T. MONTOYA-HERNANDEZ, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses Plaintiff Lisa M. Auld's Motion for Default Judgment, ECF No. 11.  Defendant Maria T. Montoya-Hernandez has not filed a response, and the time for doing so has passed.  *See* Loc. R. 105.2.a.  On February 27, 2012, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Hollander referred this case to me to review Plaintiff's Motion for Default Judgment and/or to make recommendations concerning damages. ECF No. 12.  Having reviewed the filings, I find that a hearing as to liability is not necessary. *See* Loc. R. 105.6.  For the reasons stated herein, I recommend that, following the time to object to this Report and Recommendation, Plaintiff's Motion for Default Judgment be GRANTED as to liability.   However, Plaintiff has failed to submit evidence establishing the amount of damages.  Accordingly, an evidentiary hearing will be scheduled to determine damages.

**I.     FACTUAL AND PROCEDURAL HISTORY**

On April 14, 2011, Plaintiff filed a Complaint in this Court, alleging that Defendant's negligent operation of a motor vehicle caused a collision with Plaintiff's vehicle, resulting in

significant injuries to Plaintiff.   *See* Compl. ¶¶ 7–12, ECF No. 1.  Specifically, Plaintiff alleges

that on April 15, 2008, she was "lawfully operating" her motor vehicle "in an easterly direction"

on Forest Drive in Millersville, Maryland.  *Id.* ¶¶ 6–7.  Plaintiff asserts that as she approached an

intersection, Defendant's vehicle, which was traveling in the opposite direction on Forest Drive,

"made an unexpected and unlawful left turn" at the intersection, moving "into the path of the

vehicle operated by . . . Plaintiff," and ultimately colliding with Plaintiff's vehicle.  *See id.* ¶¶ 7–

8.  Plaintiff contends that Defendant's actions were negligent, careless, and/or reckless because

Defendant: (1) maneuvered her vehicle into the path occupied by Plaintiff's vehicle; (2) failed to

"maintain proper and adequate control over her vehicle"; (3) failed to "make proper

observations" and failed to "observe other vehicles on the highway"; (4) entered the "eastbound

lane of Forest Drive when she knew, or should have known through the exercise of reasonable

care[,] that doing so would cause a collision"; (5) was driving "too fast for conditions"; (6) failed

to "properly signal prior to entering the eastbound lane"; and (7) violated "various statutes,

regulations, and ordinances pertaining to the operation of motor vehicles upon public thorough

fares" in Maryland.  *Id.* ¶ 10.

     Plaintiff alleges that the "injuries and damages" she suffered as a result of the collision

"were caused by and were the direct and proximate result" of Defendant's negligence.   *Id.*

Finally, Plaintiff asserts that, as a result of Defendant's negligence, she incurred a variety of

injuries, including bulging discs in her back; closed head trauma; post-concussive syndrome;

injuries to the ligaments, tendons, and muscles in her neck, back, head, shoulders, and arms;

headaches; and facial lacerations.  *Id.* ¶ 11.  In light of these injuries, Plaintiff claims both

economic and noneconomic damages.  *See id.* ¶ 12.  Specifically, Plaintiff seeks damages for

past, present, and future pain and suffering; medical expenses; lost earnings and loss of earning

capacity; and all other legally authorized damages.  *Id.*

The Clerk of Court issued a summons on April 15, 2011.  ECF No. 2.  On August 19,

2011, Judge Hollander issued an order, noting that it appeared from the docket that Plaintiff "has

failed to serve the summons and complaint" upon Defendant "within 120 days after the filing of

the complaint," and directing Plaintiff to "show good cause why the complaint should not be

dismissed, without prejudice . . . pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a."  Aug.

19, 2011 Order 1, ECF No. 3.  Plaintiff responded on September 2, 2011, stating that, pursuant to

Maryland Rule 2-121, she had attempted to serve the complaint and summons on Defendant by

certified mailing at the address listed for Defendant in the police report related to the accident.[1]

*See* Pl.'s Mot. Showing Good Cause ¶¶ 3–4, ECF No. 4.  The complaint and summons were

returned to Plaintiff's counsel "as unclaimed mail."  *Id.* ¶ 5.  Plaintiff described her additional

good faith efforts to effect service on Defendant, including the hiring of a private investigator,

ultimately concluding that "Defendant purposely declined to accept service."  *See id.* ¶¶ 6–11.

Plaintiff also asserted that she would be prejudiced if the case were dismissed because "the

statute of limitations expired on April 15, 2011."  *Id.* ¶ 2 (citing Maryland's three-year statute of

limitations on tort claims, Md. Code Ann., Cts. & Jud. Proc. § 5-101).  On September 6, 2011,

Judge Hollander, finding that Plaintiff had shown "good cause for the failure to serve Defendant

within 120 days of filing the complaint," granted Plaintiff "an extension of time in which to

---

[1] Maryland Rule 2-121 provides that service may be made within Maryland "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail."  Md. R. 2-121(a)(3).  Service made pursuant to the Maryland Rules is proper under Federal Rule of Civil Procedure 4(e).  Fed. R. Civ. P. 4(e)(1) ("Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.").

serve Defendant," and directed Plaintiff "to serve Defendant and to file proof of service with the Court no later than November 7, 2011." Sept. 6, 2011 Order 1, ECF No. 5.

On November 3, 2011, Plaintiff filed a Motion for Alternative Service, ECF No. 6.  In that motion, Plaintiff stated that her private process server's attempts to personally serve Defendant were unsuccessful.  *See* Mot. for Alt. Service ¶¶ 10–13 (stating that the private process server made "multiple attempts to personally serve" Defendant at the address on file with the post office and that, "[o]n each of these attempts, the process server heard noise coming from inside the residence, but nobody answered the door").  In light of these unsuccessful good faith efforts, Plaintiff concluded that "Defendant is attempting to evade service," and requested that the Court "order service by . . . first-class mail, and by posting notice . . . at Defendant's residence" pursuant to Maryland Rule 2-121(c).  *Id.* ¶¶ 14–19.  On November 3, 2011, Judge Hollander granted Plaintiff's motion, finding that Plaintiff "demonstrated that good faith efforts to serve the defendant under Maryland Rule 2-121(a) have failed, that service under Maryland Rule 2-121(b) is impracticable, and that service by first-class mail to and posting at the defendant's last known address is appropriate and reasonably calculated to give actual notice of this lawsuit to defendant."  Nov. 3, 2011 Order 1, ECF No. 7 (citing Fed. R. Civ. P. 4(e)(1); Md. R. 2-121(c); *Pickett v. Sears, Roebuck & Co.*, 775 A.2d 1218 (Md. 2001)).  Accordingly, Judge Hollander directed Plaintiff to serve Defendant by first-class mail and posting within twenty-one days of the Order and to file proof of service with the Court within twenty-eight days.  *Id.*

Despite receiving authorization for alternative service, Plaintiff's private process server "was able to personally serve" Defendant with the summons and complaint at the address on file with the post office on November 6, 2011.  *See* Pl.'s Mot. Default J. ¶ 5.  Plaintiff filed proof of service on November 18, 2011.  ECF No. 8.  On January 26, 2012, noting that Defendant had not

yet filed a response to the Complaint, Judge Hollander directed Plaintiff to "file and serve by mail upon the defendant a motion for entry of default by the Clerk and a motion for default judgment, or provide a report as to why such motions would be inappropriate." Jan. 26, 2012 Order 1, ECF No. 9. Pursuant to Judge Hollander's order, Plaintiff filed a Motion for Entry of Default, ECF No. 10 and a Motion for Default Judgment, ECF No. 11 on February 23, 2012.

## II.   DISCUSSION

### A.   Default Judgment

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to that rule, the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear and is "nether a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Unless a plaintiff claims liquidated damages, the mere assertion of a sum in a complaint does not make the sum "certain." *Hartford Fin. Servs. Grp., Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177 (D. Md. May 5, 2011) (citing *Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974) (concluding that the clerk could not enter default judgment where damages were not liquidated), *rev'd on other grounds*, 533 F.2d 891 (3d Cir. 1976)). Instead, where the plaintiff has not claimed liquidated damages, the complaint must be supported by affidavit or documentary evidence. *Id.*; 10A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2683 (3d ed. Supp. 2010) ("A plaintiff requesting the clerk to enter judgment by default must submit an affidavit to establish that the amount due is a sum certain or one that can be made certain.").

If the sum is not certain or ascertainable through computation, Rule 55(b)(2) instructs the party seeking default to "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). In reviewing a motion for default judgment, "[t]he court may conduct hearings or make referrals—

preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment," it is necessary to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.*

The entry of default judgment is a matter within the discretion of the court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Significantly, the Fourth Circuit "has a 'strong policy that cases be decided on the merits.'" *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Where, however, the "'adversary process has been halted because of an essentially unresponsive party,'" default judgment may be appropriate. *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks and citation omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); Wright et al., *supra*, § 2688 ("[L]iability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the

Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 484 (citing *Ryan*, 253 F.3d at 780–81).   This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp.*, 2011 WL 1743177, at *7 (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-plead allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.").

In sum, the Court must make two determinations: First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action." *Samler*, 725 F. Supp. 2d at 494.   Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

## B.  Liability

More than five months have passed since Defendant was served with the Complaint, yet Defendant has not pleaded or otherwise asserted a defense by filing a motion.   As a result, all of the factual allegations made in Plaintiff's Complaint not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780.  Plaintiff moved for an entry of default and a default judgment on February 23, 2012, and Defendant still did not respond.  It is within

the Court's discretion to grant default judgment when a defendant is unresponsive.  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).  Accordingly, the Court should grant default judgment on this one-count Complaint if Plaintiff has established Defendant's liability.

With regard to liability, Plaintiff claims that Defendant is liable for negligence.  To establish negligence in Maryland,[2] "a plaintiff must show that: (1) the defendant was under a duty to protect the plaintiff from injury; (2) the defendant breached that duty; (3) the plaintiff suffered actual injury or loss; and (4) the loss or injury proximately resulted from the defendant's breach of the duty."  *Quigley v. United States*, No. DKC-11-3223, 2012 WL 993410, at *8 (D. Md. Mar. 22, 2012) (citing *Valentine v. On Target, Inc.*, 727 A.2d 947, 949 (Md. 1999)); *Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, No. PWG-10-2268, 2011 WL 5505376, at *10 (D. Md. Nov. 10, 2011) (citing *Jacques v. First Nat'l Bank*, 515 A.2d 756, 758 (Md. 1986)).

In Maryland, "the existence of a legal duty is a question of law to be decided by the court."  *RLI Ins. Co. v. John H. Hampshire, Inc.*, 461 F. Supp. 2d 364, 367 (D. Md. 2006) (citing *Doe v. Pharmacia & Upjohn Co., Inc.*, 879 A.2d 1088 (Md. 2005)).  Where there is no duty of care, "there can be no liability in negligence."  *Id.* (citing *Walpert, Smullian & Blumenthal, P.A. v. Katz*, 762 A.2d 582, 587 (Md. 2000)).  The general rule in Maryland is that "every automobile

---

[2] In reviewing a motion for default judgment, the Court accepts as true the well-pleaded factual allegations made in the complaint, other than those pertaining to damages.  *Ryan*, 253 F.3d at 780.  Plaintiff's Complaint asserts that this Court's jurisdiction is based on diversity.  *See* Compl. ¶¶ 3–5.  Because I accept as true Plaintiff's factual allegations establishing diversity, Maryland substantive law applies to the review of liability.  *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

driver must exercise toward other drivers on the highways that degree of care which a person of ordinary prudence would exercise under similar circumstances." *St. Louis v. Dali*, 178 F. Supp. 2d 520, 523 (D. Md. 2001) (citing *Brehm v. Lorenz*, 112 A.2d 475, 478 (Md. 1955)); *Germain v. Norris*, 536 F. Supp. 2d 585, 588–89 (D. Md. 2008) ("Drivers have a duty to exercise reasonable care for the sake of pedestrians and other motorists." (citing *Ghirardello v. Malina*, 209 A.2d 564, 569 (Md. 1965))).   Additionally, Maryland courts have held that a driver making a left-hand turn, as Defendant did, is under a duty to operate his or her vehicle with reasonable care. *Freudenberger v. Copeland*, 289 A.2d 604, 608 (Md. 1972); *see also* Md. Code Ann., Transp. § 21-402(a) ("If the driver of a vehicle intends to turn to the left in an intersection or into an alley or a private road or driveway, the driver shall yield the right-of-way to any other vehicle that is approaching from the opposite direction and is in the intersection or so near to it as to be an immediate danger.");[3] *Hayes v. State*, 963 A.2d 271, 277 (Md. Ct. Spec. App. 2009) ("In a negligence action, duty can be established by either common law or statute.").   Thus, Defendant was under a duty to all other drivers on the road, including Plaintiff, to operate her vehicle with the reasonable care that an ordinarily prudent person would use in the same situation.

According to Plaintiff's well-pleaded allegations, Defendant breached this duty by: (1) maneuvering her vehicle into the path operated by Plaintiff's vehicle; (2) failing to maintain control of her vehicle; (3) failing to make proper observations before turning; (4) traveling at a speed excessive for the conditions; and (5) failing to signal before turning.   Compl. ¶ 10. Plaintiff's well-pleaded Complaint further alleges that Defendant's breach of these duties caused

---

[3] Under Maryland law, "'[w]here there is an applicable statutory scheme designed to protect a class of persons which includes the plaintiff,' a 'defendant's duty ordinarily is prescribed by the statute . . . and violation . . . of the statute . . . is itself evidence of negligence.'"   *Lawley v. Northam*, No. ELH-10-1074, 2011 WL 6013279, at *11 (D. Md. Dec. 1, 2011) (first alteration not in original) (quoting *Brooks v. Lewin Realty III, Inc.*, 835 A.2d 616, 620 (Md. 2003)).

"a violent collision," and that, "[a]s a result of the collision," Plaintiff "sustained various personal injuries and damages." *Id.* ¶¶ 8–9. Plaintiff's Complaint enumerates a number of specific injuries sustained, and claims damages for past, present, and future pain and suffering, medical expenses, and lost earnings and loss of earning capacity. *See id.* ¶¶ 10–11.

In light of the foregoing, I find that Defendant's duty is established as a matter of law. I also find that Plaintiff's well-pleaded factual allegations establish that Defendant breached her duty, that Plaintiff suffered actual injury, and that such injury proximately resulted from Defendant's breach. Accordingly, Plaintiff has established Defendant's liability for negligence under Maryland law, and a default judgment as to Plaintiff's one-count Complaint is proper.

### C. Damages

Although Defendant's liability has been established, an allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *Trs. of the Elec. Welfare Trust Fund*, 2009 WL 2982951, at *1 ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."). Rather, the Court must make an "independent determination regarding such allegations." *Man-U Serv. Contract Trust Fund v. Teltara, Inc.*, No. ELH-11-1244, 2011 WL 4596218, at *2 (D. Md. Sept. 30, 2011). In doing so, the Court "may conduct an evidentiary hearing." *Id.* (citing Fed. R. Civ. P. 55(b)(2)); *see Hartford Fin. Servs. Grp.*, 2011 WL 1743177, at *7 (explaining that "'[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed'" (alteration in original) (quoting *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007))). A determination as to damages may be made without a hearing where "there is an adequate evidentiary basis in the

record for the award." *Id.* (citations omitted); *Lopez v. XTEL Const. Grp., LLC*, No. PWG-08-1579, 2011 WL 6330053, at *4 (D. Md. Dec. 16, 2011) ("[T]he Court may award damages without a hearing if the record supports the damages requested."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (finding "no need to convene a formal evidentiary hearing" because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages).

The record contains no evidence establishing the amount of damages. Accordingly, an evidentiary hearing must be held on that issue. A telephone conference call is hereby scheduled for Monday, April 30, 2012, at 4:00 PM to select a date and time for the evidentiary hearing. For the call, Plaintiff's counsel will attempt to contact Defendant, and then call chambers.[4] During the conference call, counsel and Ms. Montoya-Hernandez should be prepared to provide me with an estimate of the amount of time they will need to present evidence and arguments in the evidentiary hearing and the number of witnesses and quantity of documents they each anticipate presenting. In preparing for the hearing, the parties will comply with *Trustees of the Operating Engineers Trust Fund v. Dominion Caisson Corp.*, No. DKC-10-227, 2010 WL 1713999 (D. Md. Apr. 27, 2010), which describes the level of detail necessary to support a request for damages. *See also Hartford Fin. Servs. Grp., Inc.*, 2011 WL 1743177, at *7–8.

## III.   CONCLUSION

In sum, I recommend that, with regard to liability, the Court GRANT Plaintiff's Motion for Default Judgment and enter a default judgment in Plaintiff's favor. An evidentiary hearing will be held to determine the amount of damages. A telephone conference call is scheduled for Monday, April 30, 2012, at 4:00 PM to select a date and time for the evidentiary hearing.

---

[4] Additionally, a copy of this Report and Recommendation will be sent by regular mail to Defendant at the address where she was served.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation.  *See* Fed. R. Civ. P. 72(b)(2); Loc. R. 301.5.b.  A proposed Order follows.


Dated: <u>April 18. 2012</u>                              _____/S/_____

                                                                    Paul W. Grimm
                                                                    United States Magistrate Judge

hlw

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| | * | |
| LISA M. AULD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: ELH-11-0969 |
| MARIA T. MONTOYA-HERNANDEZ, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

For the reasons stated in the Report and Recommendation that United States Magistrate Judge Paul W. Grimm submitted on April 18, 2012, and the time for filing objections to the Report and Recommendation having passed, it is this __th day of _____, 2011 ORDERED that

(1) Plaintiff's Motion for Entry of Default Judgment is GRANTED as to liability.

(2) A hearing as to damages will be scheduled before Judge Grimm.


_____
Ellen Lipton Hollander
United States District Judge